62 F.3d 1414
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
FIRST OF GEORGIA INSURANCE COMPANY, Plaintiff-Appellee,
v.
Tyrone D. BRYANT, Defendant-Appellant,
and
Kenneth D. Griffin, Defendant.
 No. 94-2498.
 United States Court of Appeals,
Fourth Circuit.
 Argued: July 10, 1995.
Decided: August 7, 1995.
 
 ARGUED: Clifford Leon Lee, II, THE LEE LAW FIRM, P.A., Fayetteville, NC, for appellant. James Aldean Webster, III, YOUNG, MOORE, HENDERSON & ALVIS, P.A., Raleigh, NC, for appellee.
 Before WILKINS and WILLIAMS, Circuit Judges, and JOSEPH F. ANDERSON, JR., United States District Judge for the District of South Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Tyrone D. Bryant appeals the district court's entry of summary judgment for First of Georgia Insurance Company (First Georgia). First Georgia filed a declaratory judgment action in the Eastern District of North Carolina against Bryant and Kenneth D. Griffin,[1] seeking a determination that it has no obligation under its liability insurance policy which would inure to the benefit of either Bryant or Griffin. The facts giving rise to this action occurred on August 14, 1990, when Griffin fired a .25 caliber handgun four times in rapid succession in the direction of Bryant and another individual. At the time these shots were fired, Griffin and Bryant were less than a car length apart from each other, in an area made up of dirt and concrete. Griffin admits that he intended to fire the handgun but takes the position that he aimed at the ground and did not subjectively expect a bullet to ricochet and strike Bryant. Bryant suffered bodily injuries from the purported ricochet. In the aftermath of the injury, Bryant presented a written demand that First Georgia make payment to Bryant in the amount of $500,000 under a liability insurance policy issued to Griffin. First Georgia responded by bringing this declaratory judgment action.
 
 
 2
 At all relevant times, Griffin had liability insurance with First Georgia, which provides the following exclusion from coverage:
 
 SECTION II--EXCLUSIONS:
 
 3
 Coverage E--Personal Liability ... do[es] not apply to bodily injury....
 
 
 4
 a. which is expected or intended by the insured.
 
 
 5
 (J.A. 266.) First Georgia filed a motion for summary judgment, which the magistrate judge recommended should be granted. Basing his reasoning on Commercial Union Ins. Co. v. Mauldin, 303 S.E.2d 214, 217 (N.C.Ct.App.1983), and Stout v. Grain Dealers Mut. Ins. Co., 201 F.Supp. 647 (M.D.N.C.), aff'd, 307 F.2d 521 (4th Cir.1962), the magistrate judge concluded that the circumstances posited by Griffin established, as a matter of law, that Bryant's injury was objectively "expected or intended" by Griffin's action of firing the gun at such close proximity. See also Allstate Ins. Co. v. Freeman, 443 N.W.2d 734, 748 (Mich.1989) (injuries from insured's discharge of firearm at claimant fall within "expected or intended" exclusion of insurance policy). Bryant filed an opposition to the magistrate judge's report and recommendation. On October 12, 1994, the district court entered an order granting First Georgia's motion for summary judgment on the same grounds as the magistrate judge. Bryant now appeals, putting forward essentially the same arguments as before the magistrate judge and the district court.
 
 
 6
 Upon careful consideration of the arguments of counsel and review of the record and briefs, we affirm for reasons adequately stated by the district court in its order. First of Georgia Ins. Co. v. Griffin, Case No. 91-88-CIV-3-H (E.D.N.C. Oct. 12, 1994).[2]
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 Griffin never participated in this case and, as a result, the district court entered a default judgment against him on January 30, 1992
 
 
 [2]
 In parallel civil proceedings brought by Bryant against Griffin, Bryant alleges in his verified complaint that Griffin's firing of the gun was "willful" and "extreme and outrageous conduct." Neither party raised below, or here, the argument that the district court should stay its proceeding pending the resolution of this parallel civil litigation. Accordingly, we do not reach that issue